Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7738 | **DATE** | 6/14/2002 |
| **CASE TITLE** | LARRY E. CARTER vs. CHICAGO TRANSIT AUTHORITY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for attorney fees and costs [57-1] is granted in part and denied in part. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 17 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 65 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | 02 JUN 14 PM 2:44 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

Larry E. Carter

Plaintiff,

v.

Chicago Transit Authority
Bob Cagala, and Jim Christianson

No. 99 C 7738

Judge Ronald A. Guzman

DOCKETED
JUN 1 7 2002

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff Larry Carter's motion for attorney fees and costs pursuant to Fed. R. Civ. P. 54 and Local Rule 54. For the reasons set forth below this motion is granted in part and denied in part.

## BACKGROUND FACTS

On April 30, 2001, the jury awarded a verdict in favor of Plaintiff Larry Carter ("Carter") in the amount of $300,000. The jury found that Carter had been subjected to a racially hostile work environment while employed with Defendant the Chicago Transit Authority ("CTA"). On May 2, 2001 Carter submitted his bill of costs to the CTA, together with a list of time spent by counsel pursuant o L.R. 54.3(d). On September 6, 2001, the Court entered an order denying the CTA's motion notwithstanding the verdict. Carter subsequently accepted a remitter of the jury award to $100,000.

On September 28, 2001 Carter filed the instant motion for attorney fees and costs pursuant to Fed. R. Civ. P 54 and Local Rule 54. The CTA failed to correspond with Carter regarding any objections to this fee petition rather they have filed a motion in opposition to his request for attorneys' fees looking for a reduction in the hourly rate as well as a reduction in

hours. The CTA initially argues that Carter's petition was untimely. We find that it is not in light of the fact that final judgment was entered on September 6, 2001 when it denied the CTA's motion for judgment notwithstanding the verdict and Carter accepted the suggested reduction in damages. Finding that Carter's petition is timely we will address the merits of Carter's motion taken into consideration the CTA's objections.

## DISCUSSION

Pursuant to 42 U.S.C. §2000e-5(k), a district court may award attorney fees and expenses to the prevailing party in a Title VII action. The determination of what constitutes a reasonable attorney fee involves a two-step process. First, the court must ascertain the number of hours reasonably expended by plaintiff's attorneys over the course of the litigation and multiply it by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This figure is frequently referred to as the "lodestar." *See City of Riverside v. Rivera,* 477 U.S. 561, 568 (1986). In determining the reasonable number of hours, the court should exclude hours that are "excessive, redundant or otherwise unnecessary." Second, the court must consider whether an adjustment should be made to the lodestar. *Id.*

### A. Hourly Rate

A reasonable hourly rate should reflect the attorney's market rate, defined as "the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Uphoff v. Elegant Bath, Ltd.,* 176 F. 3d 399 (7th Cir. 1999) (citations and internal quotation marks omitted). The attorney is entitled to his market rate and not some "medieval just price" determined by the court. *See In re Continental Illinois Securities Litigation,* 926 F. 2d 566, 568 (7th Cir. 1992). The fee applicant bears the burden of proving the market rate. *Uphoff,* 176 F. 3d at 407.

We find counsel's hourly rate of $300.00/hour to be reasonable in light of his experience. Counsel is an experienced trial attorney who has been admitted to the practice of law since 1976. He has worked for two major Chicago law firms and has extensive litigation experience. Plaintiff was awarded $250.00/ hour more than a year and a half ago in a similar case before Judge Coar and $300.00/hour is the rate he is currently charging in other clients in cases he is handling at this time. Thus, we find $300.00/hour reasonable and it will not be reduced.

As to the CTA's objections with regarding the hours billed we find that there is in fact a mathematical error in the petition and the total number of hours spent was 504.3 hours rather than 547.4 hours. Next, we agree with the CTA that the number of hours worked in drafting the initial complaint and the amended complaint is excessive. Count I of the complaint is a straightforward Title VII claim for race discrimination and Count II a claim pursuant to 42 U.S.C. § 1983. The amended complaint states the same two claims the difference being it clarified which count was brought against which parties. We find that 48.6 hours is excessive for the work required and reduce the fee petition by 24.6 hours. Twelve hours to draft an initial complaint and an amended complaint is more than reasonable.

With respect to the deposition of Joan Wolfe we deny the CTA's request to reduce these hours. The phone calls and preparation for Wolfe's deposition were required despite the fact that counsel missed this deposition due to a scheduling misunderstanding. Moreover, counsel would have had to order Ms. Wolfe's deposition transcript and paid her a witness fee for proper witness use. Thus, the CTA's objections with respect to Joan Wolfe are overruled.

The CTA's objections to the injunctive relief costs sought by Carter are sustained. Carter failed to develop his request for injunctive relief throughout the course of this litigation thus Carter's petition is reduced by another 13.5 hours. As to the CTA's objections with respect to

the jury instructions we sustain these objections in part. The record simply does not support 42 hours for jury instructions especially in light of the work done by this court itself in straightening these instructions out. Thus, Carter's request is reduced by 30 hours. Despite counsel's submission of additional fees for preparing this petition we decline to award any more fees. After taking into consideration the corrected total billing number less the reductions made by the Court the total fees and costs awarded in this case is $130,860.00.

## CONCLUSION

For the reasons set forth above Carter is hereby awarded $130,860.00 in attorneys' fees and costs.

So Ordered:                                             Entered: 6/14/02

*Ronald A. Guzman*
Ronald A. Guzman
United States Judge